**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

TODD JEFFREY GATES,          :
AIS 275350,

                        :

       Petitioner,

                        :

vs.                          CA 18-0270-TFM-MU

                        :

JOHN CROWE,

                        :

       Respondent.

## REPORT AND RECOMMENDATION

     Todd Jeffrey Gates, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), on Gates' petition (Doc. 1), the answer of Respondent John Crowe, with attachments (Doc. 9), and the response of Petitioner (Doc. 15). Because the state procedural history preceding the filing of this action is a bit unconventional, the undersigned does not take the opportunity in this introduction to summarize that history; instead, the undersigned directs immediate attention to the procedural history and facts in this case.[1]

---

[1]      No evidentiary hearing is necessary in this case because the record contains sufficient facts upon which the issues under consideration may be properly resolved. *Compare Means v. Secretary, Department of Corrections,* 433 Fed.Appx. 852, 855 (11th Cir. July 12, 2011) ("[W]here 'the record refutes [a petitioner's] factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.'") (citation omitted)), *cert. denied,* 565 U.S. 1217, 132 S.Ct. 1580, 182 L.Ed.2d 198 (2012) *with Allen v. Secretary, Florida* (Continued)

## PROCEDURAL AND FACTUAL BACKGROUND

In March of 2006, Petitioner Todd Jeffrey Gates was indicted on one count of first-degree receipt of stolen property and one count of first-degree theft of property. (Doc. 9, Exhibit D, at 1 (citing to case no. CC-06-413)). Pursuant to a plea agreement reached with the Baldwin County District Attorney's Office, the indictment was amended, on February 16, 2007, to charge second-degree receipt of stolen property (*see id.*); Gates pled guilty to the amended charge and the theft of property charge was nol-prossed (*compare id.* at 2 *with* Doc. 9, Exhibit A, ORDER dated February 16, 2007). "In accordance with the agreement, the trial court withheld adjudication and sentencing so that Gates could enter a pretrial intervention program." (Doc. 9, Exhibit D, at 2; *see also* Doc. 9, Exhibit A, ORDER (recognizing that in exchange for Gates' entry of a guilty plea to receiving stolen property in the second-degree, the parties agreed to the court withholding adjudication of the admission of guilty for a minimum of 3 years, during which time Gates would be "released on bond, the terms of which are set forth on a separate bond order, and during the period in which adjudication is withheld, the defendant must comply with all conditions and terms of the bond and must participate and complete his[] pre-trial intervention program."))[2]

---

*Dep't of Corrections,* 611 F.3d 740, 745 (11th Cir. 2010) ("A district court is not required to hold an evidentiary hearing if the claims 'are merely conclusory allegations unsupported by specifics,' . . . or 'if the record refutes the applicant's factual allegations or otherwise precludes habeas relief[.]'"), *cert. denied,* 563 U.S. 976, 131 S.Ct. 2898, 179 L.Ed.2d 1192 (2011).

[2]     One of the conditions/terms of the Pre-Trial Intervention Agreement entered into between the Baldwin County District Attorney and Gates was that he "not be arrested for and/or (Continued)

In September 2009, Gates was indicted for second-degree rape (case no. CC-09-2292). In December 2009, Gates was indicted for first-degree unlawful manufacturing of a controlled substance (case no. CC-09-2580). Gates was subsequently convicted in August 2010 of the manufacturing charge and sentenced in November 2010 to 25 years' imprisonment for that conviction.[3]

On August [6], 2010, the State filed in case no. CC-06-413 a motion to terminate Gates's participation in the pretrial intervention program on the ground that he had been arrested and indicted for second-degree rape.[4] On December 16, 2010, Gates appeared in court and pleaded guilty to second-degree rape in case no. CC-09-2292 and was sentenced to 20 years' imprisonment. In the same proceeding, the trial court adjudicated Gates guilty of <u>first</u>-degree receiving stolen property in case no. CC 06-413 (not <u>second</u>-degree receiving stolen property, the crime to which Gates had pleaded guilty) and sentenced him to 20 years' imprisonment. The trial court ordered the sentences to run concurrently with each other and with the sentence in case no. CC-09-2580. Gates did not appeal his convictions and sentences in cases no. CC-06-413 and CC-09-2292.

In August 2015, Gates, acting pro se, filed a Rule 32 petition. Although he listed only case no. CC-09-2292 on the Rule 32 form, in the petition, Gates challenged both his conviction and sentence for rape in case no. CC-09-2292, and his conviction and sentence for receiving stolen property in case no. CC-06-413. The circuit court summarily dismissed the petition in November 2015, and Gates appealed. By order dated July 12, 2016, this Court reversed the circuit court's judgment and remanded the

---

convicted for any future criminal offenses." (Doc. 9, Exhibit A, PRE-TRIAL INTERVENTION AGREEMENT, at 1).

[3]     The Alabama Court of Criminal Appeals affirmed Gates' conviction and sentence for first-degree manufacturing of a controlled substance, *Gates v. State,* 107 So.3d 231 (Ala.Crim.App. 2011) (table), as well as the trial court's summary dismissal of Gates' 2012 Rule 32 petition challenging his manufacturing conviction and sentence, *Gates v. State,* 195 So.3d 1080 (Ala.Crim.App. 2014) (table). (*See* Doc. 9, Exhibit D, at 2 n.1).

As well, this Court denied Gates' federal collateral challenge to his manufacturing of methamphetamine conviction and sentence. *See Gates v. Daniels,* CA No. 15-0246-CG-N, Docs. 12, 15 & 16.

[4]     The Baldwin County Assistant District Attorney also referenced Gates' arrest and indictment for first-degree manufacturing of a controlled substance and unlawful possession of a controlled substance. (*See* Doc. 9, Exhibit A, Motion to Terminate Pretrial Intervention and Set for Adjudication, at ¶ 3).

cause for the circuit court to set aside its order summarily dismissing the petition and to dismiss the petition without prejudice on the ground that the petition challenged multiple judgments entered in more than a single proceeding (case no. CR-15-0302). See Rule 32.1(f), Ala.R.Crim.P. The circuit court complied with this Court's instructions and dismissed the petition without prejudice on July 12, 2016.

On December 27, 2016, Gates, again acting pro se, filed the Rule 32 petition that is the subject of this appeal. On the Rule 32 form, Gates listed both case no. CC-06-413 and case no. CC-09-2292 and, in an attachment to the form, he challenged both his conviction and sentence for receiving stolen property in case no. CC-06-413 and his conviction and sentence for rape in case no. CC-09-2292. With respect to his receiving-stolen-property conviction and sentence, Gates argued that the trial court lacked jurisdiction in case no. CC-06-413 to adjudicate him guilty and sentence him in December 2010 for <u>first</u>-degree receiving stolen property when the indictment had been amended to charge, and he had pleaded guilty to, <u>second</u>-degree receiving stolen property in that case in February 2007. With respect to his second-degree rape conviction and sentence, Gates argued that because it was "joined in the same proceeding" as his adjudication and sentence for first-degree receiving stolen property, the trial court also lacked jurisdiction to accept his plea on the rape charge. []

.     .     .

The circuit court scheduled an evidentiary hearing on Gates' petition and, the day of the hearing, Gates, through counsel, filed an amendment to his Rule 32 petition. In the amendment, Gates raised an additional claim that was not raised in his original petition and pleaded additional facts to clarify his claim regarding his rape conviction.

In the new claim, Gates alleged that the trial court lacked jurisdiction to adjudicate him guilty and to sentence him for any degree of receiving stolen property in case no. CC-06-413 because, he said, the State's motion to terminate him from the pretrial intervention program was untimely filed. Specifically, Gates alleged that, as part of the February 2007 plea agreement with the State in case no. CC-06-0413, he pleaded guilty to second-degree receiving stolen property "in exchange for a sentence of three (3) years in the District Attorney's Pre-Trial Intervention Program." [] Gates argued that his sentence commenced on February 16, 2007, the date he entered his plea, and expired on February 16, 2010, and that the State did not file its motion to terminate his participation in the program until

August 10, 2010, six months after his sentence had expired.[5]

With respect to his rape conviction, Gates clarified [during the evidentiary hearing][6] that his challenge was to the voluntariness of his guilty

---

[5]    Based upon this "timeliness" argument, Gates' Rule 32 counsel requested that the trial court "dismiss the receiving stolen property case." (Doc. 9, Exhibit A, Evidentiary Hearing Tr., at 28.) Alternatively, Rule 32 counsel argued that, at a minimum, Gates should be resentenced for second-degree receiving stolen property. (*Id.; see also id.* at 26 ("I think it's clear that there was a mistake; it should have been receiving stolen property second, not receiving stolen property first. So at a bare minimum, I think we have to resentence him . . . on that charge[.]")).

[6]    Gates specifically testified during the Rule 32 evidentiary hearing that he did not appreciate that the rape sentence would impact his parole date, nor did he understand that he would have to register as a sex offender. (Doc. 9, Exhibit A, April 20, 2017 Rule 32 Evidentiary Hearing Transcript, at 14-16; *see also* Doc. 9, Exhibit D, Memorandum, at 5.) He also initially indicated on cross-examination that he did not understand the rights he was waiving in entering his "guilty pleas" on December 16, 2010, nor did he did read the *Ireland* form at the time he signed it, but then vacillates by testifying that he's sure the Judge went over his rights when he pled guilty. (*See* Doc. 9, Exhibit A, April 20, 2017 Rule 32 Evidentiary Hearing Transcript, at 23-25.) Gates' Rule 32 attorney made the following argument regarding the second-degree rape case:

> Now to the bigger issue, which is the CC-2009-22[9]2 case, or the rape case. And I don't want to talk too much about the other case, but I think it's important to at least note the context. You know, in November he gets sentenced to a twenty-five-year sentence [for manufacturing methamphetamine] that is run consecutively, not concurrently, with his federal time of 96 months. So, he's got all this time over his head.

> . . . The DA, and rightfully so, this is what we do all the time in this jurisdiction, we say: Well, you know, we just need to run everything together and get it all off the docket and move on. And they made a fair offer; I wouldn't argue that it wasn't fair. Say, plead guilty to twenty years, which is less than the time that you're going to get, and we'll move on.

> The problem with that is, if you are looking at the standard of, . . . did he reasonably appreciate the sentence that he was going to receive or understand a range of punishment that he was going to receive, I don't know that you can say the answer to that question is yes, if half of the offer is not correct.

> . . . If it was bifurcated and we say, well, we're going to do the twenty-year sentence on the rape case and plea[d] it on December 16, and then January . . ., we plea[d] the other one, I think you could probably have a better argument there. But here we've got a global offer, a single-day plea where everything was explained all to him at once, and half of it's not correct.

(Continued)

plea to that charge, not to the trial court's jurisdiction.[7]  Specifically, Gates argued that after he was sentenced for his first-degree manufacturing conviction in case no. CC-09-2850, the State "made a plea offer to resolve all outstanding charges, which included CC-06-413 . . . and CC-09-2292." [] However, because that plea offer resulted in his being erroneously adjudicated and sentenced for first-degree receiving stolen property instead of second-degree receiving stolen property, Gates argued, he was not properly advised of the sentencing ranges he faced. Gates concluded: "[A]s [he] was not properly advised in a portion of the plea agreement [relating to the receiving charge], he could not have been properly advised on the whole. In other words, he would not have been able to appreciate the sentence he would receive as a portion of it is not correct." []

---

And as he testified to, it was his understanding that all this would run concurrently and it wouldn't affect his parole date, which actually is incorrect. And I know Your Honor and I have talked about that before, about how certain cases can affect your parole date, even if it's below the twenty-five-year . . . or whatever it may be, if it's a violent crime or, for instance, a case where there's a mandatory sentence range like a child under twelve case, or something like that.

Now, that wasn't properly explained to him. This manufacturing case is a drug offense, which . . . he would be eligible for a certain type of good time on. A rape case, while it might be a twenty-year sentence, might be less than the controlling sentence time, it's going to be a violent offense and he's not eligible for the same amount of good time that he would be on the twenty-five. So he wasn't properly even apprised of how his sentence would affect him once he went to the Department of Correction[s].

And that's kind of how we've gotten to where we are today is, he's looking at his parole date and he's thinking, well, wait a second, this isn't how it was supposed to be, as I understood it.

So, what we're asking the Court to do, in the big picture, is to say that he couldn't have appreciated or understood the sentence that he was going to receive. And so we would ask to actually vacate the guilty plea in the rape case, and set a new scheduling order, and set him for trial accordingly in regards to that.

(*Id.* at 28-30; *see also* Doc. 9, Exhibit D, at 7 (summary of counsel's argument)).

[7]     (Doc. 9, Exhibit D, at 7 ("We note that Rule 32 counsel presented **no evidence** or argument about the claim raised in Gates' original petition that the trial court lacked jurisdiction to accept his plea to second-degree rape or the claim raised by counsel in the amendment to the petition that Gates's plea to second-degree rape was involuntary because, he said, he was not properly advised of the sentencing range he was facing for the receiving-stolen-property charge and, thus, he was not properly advised 'on the whole' of the plea agreement that allegedly included both the receiving charge and the rape charge." (emphasis supplied))).

(Continued)

6

(Doc. 9, Exhibit D, at 2-3 & 4-5 (footnotes added)).

At the conclusion of the evidentiary hearing, the trial court determined that Gates was entitled to Rule 32 relief because he was improperly sentenced in CC-06-413 for first-degree receipt of stolen property, as opposed to the (amended) indictment charge of receiving stolen property in the second-degree; therefore, Gates was determined to be entitled to resentencing within the appropriate range of punishment for a Class C felony and was resentenced for second-degree receipt of stolen property to a term of 10 years, with that term to run concurrently with all other sentences. (Doc. 9, Exhibit A, April 20, 2017 Evidentiary Hearing Transcript, at 35-36.)[8] The trial court, however, found no merit to Gates' challenge to the rape charge based on the "grounds . . . listed in [the State's] response [to] the petition." (*Id.* at 37.)

> The DEFENDANT'S RULE 32 PETITION WAS HEARD IN OPEN COURT. . . . AFTER HEARING THE TESTIMONY FROM THE DEFENDANT AND AFTER A REVIEW OF ALL EXHIBITS ADMITTED INTO EVIDENCE, THE COURT HEREBY DENIES THE DEFENDANT'S RULE 32 PETITION BASED ON RULE 32.1 ARCrP. THE DEFENDANT IS CHALLENGING MULTIPLE JUDGMENTS FROM SEPARATE PROCEEDINGS IN ONE PETITION FOR POST-CONVICTION RELIEF[.]
>
> THE COURT ALSO DENIES THE PETITION BASED ON RULE 32.2(c) ARCrP AS PETITIONER'S CLAIM REGARDING HIS CONVICTION FOR RAPE IN THE 2ND DEGREE IS PRECLUDED FOR BEING FILED OUTSIDE THE TIME LIMITATIONS PERIOD.
>
> THE COURT ALSO DENIES THE PETITION BASED ON PRECLUSION UNDER RULES 32.2(a)(3) and 32.2(a)(5) ARCrP.

---

[8] As observed by the Alabama Court of Criminal Appeals, the trial court "found that Gates was not entitled to have the receiving charge dismissed because he had clearly violated the terms of the pretrial intervention program within three years of entering the agreement." (Doc. 9, Exhibit D, at 8; *compare id. with* Doc. 9, Exhibit A, Evidentiary Hearing Tr., at 35-36.)

THE COURT DOES GRANT THE PETITIONER[']S MOTION TO RESENTENCE HIM IN CASE NUMBER CC-2006-413 AS THE PETITIONER WAS IMPROPERLY SENTENCED IN THAT CASE.

(Doc. 9, Exhibit A, April 20, 2017 ORDER.) Gates' application for rehearing regarding the judgment (*see id.,* Application Seeking Re-hearing of Judgment) was denied (*see id.,* June 20, 2017 ORDER). Thereafter, Gates filed written notice of appeal. (*See id.*, Written Notice of Appeal.)

In his brief on appeal, Gates' almost exclusive focus was upon the trial court's lack of jurisdiction (*see* Doc. 9, Exhibit B, at 5-16 & 20-22), although he did attack the performance of Rule 32 counsel in one respect[9] (*see id.* at 17-19). Indeed, as reflected in Gates' Statement of the Case, his primary argument on appeal was that the pleas of guilty accepted by the Baldwin County Circuit Court on December 16, 2010 in CC-06-413 and CC-09-2292 "were invalid on their face as the Circuit Court of Baldwin County had no jurisdiction or authority as the charge contained in CC-06-413 was never a legal charge for adjudication. Therefore[,] the convictions and resulting sentences which arose from the proceeding on December 16, 2010 are null and void on their face." (*Id.* at 6; *see also id.* at 12 ("The Circuit Court of Baldwin County Alabama was in err[or] for not granting relief in it[]s entirety in this case as the Circuit Court consolidated case numbers CC-06-413 and CC-09-2292 therefore the cases became a joint proceeding in which both guilty pleas were integrated together and that as one proceeding any fault, lack of jurisdiction, or authority resulted in the guilty pleas being void in their entirety."); *see id.* at 13

---

[9] Gates does not raise ineffective assistance of counsel in his habeas corpus petition (*see* Doc. 1) and, therefore, the undersigned pretermits any discussion of the appellate court's analysis of this issue (*see* Doc. 9, Exhibit D, at 11).

("Whereas regardless of why the Court had no authority or jurisdiction to accept the plea, it does not change the fact the plea was void at its inception and both convictions and sentences are due to be vacated and remanded back to the Circuit Court.")). The appellate court summarized Gates' principle argument on appeal in the following manner: "In his brief on appeal, Gates contends that the circuit court erred in denying his Rule 32 petition because, he says, the trial court lacked jurisdiction to adjudicate and sentence him for first-degree receiving stolen property and to accept his guilty plea and sentence him for second-degree rape." (Doc. 9, Exhibit D, at 9.)[10] The Alabama Court of Criminal Appeals determined that Gates received the relief he was entitled to with respect to his receiving stolen property conviction and sentence and that he was entitled to no relief on his second-degree rape conviction and sentence. (*Id.* at 9-11.)

> With respect to his adjudication and sentence for first-degree receiving stolen property, Gates argues, as he did in his original petition, that the trial court lacked jurisdiction to adjudicate and sentence him for first-degree receiving stolen property after he had pleaded guilty to second-degree receiving stolen property.[11] As noted above, the State conceded that Gates had been improperly sentenced to 20 years' imprisonment for first-degree receiving stolen property, and the circuit court granted Gates relief on this claim and resentenced Gates to 10 years' imprisonment for second-degree receiving stolen property in accordance with the February 2007 plea agreement. Because Gates received the relief he requested, this issue is moot.

---

[10] The undersigned agrees with the appellate court's observation that although "Gates raise[d] four separate issues in his brief in this respect[,]" it was proper to address all four issues together since "they all involve[d] the same argument[.]" (*Id.* at 9, n.3.)

[11] "Gates does not pursue on appeal the claim raised in his amendment and at the evidentiary hearing that the State's motion to terminate him from the pretrial intervention program was untimely. Therefore, that claim is deemed abandoned and will not be considered by this Court. See Ferguson v. State, 13 So.3d 418, 436 (Ala.Crim.App. 2008) ('[C]laims presented in a Rule 32 petition but not argued in brief are deemed abandoned.').'" (*Id.* at 9, n.4.)

With respect to his conviction and sentence for second-degree rape, Gates argues, as he did in his original petition, that the trial court lacked jurisdiction to accept his plea and sentence him because, he says, his plea was entered in the same proceeding as, and was part of the same plea agreement encompassing, his erroneous adjudication and sentence for first-degree receiving stolen property. However, Gates abandoned this claim during the Rule 32 proceedings. Although Gates raised this claim in his original petition, in his first amendment, Gates clarified that the claim was a challenge to the voluntariness of his guilty plea and not to the trial court's jurisdiction to accept the plea. More importantly, at the evidentiary hearing, Gates presented evidence and argument only on the claim that his guilty plea to rape was involuntary; Gates did not argue, and presented no evidence, that the trial court lacked jurisdiction to accept the plea. See, e.g., Brooks v. State, 929 So.2d 491, 497 (Ala.Crim.App. 2005) ("A petitioner is deemed to have abandoned a claim if he fails to present any evidence to support the claim at the evidentiary hearing."). Because Gates abandoned during the Rule 32 proceedings his claim that the trial court lacked jurisdiction to accept his plea to second-degree rape, this claim is not properly before this court for review.[12]

Moreover, even if Gates had not abandoned this claim during the Rule 32 proceedings, it is meritless on its face. In Ex parte Seymour, 946 So.2d 536 (Ala. 2006), the Alabama Supreme Court explained:

"Jurisdiction is '[a] court's power to decide a case or issue a decree.' Black's Law Dictionary 867 (8th ed. 2004). Subject-matter jurisdiction concerns a court's power to decide certain types of cases. Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911) ("'By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought.'" (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316, 19 L.Ed. 931 (1870)). That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (subject-matter jurisdiction refers to a court's 'statutory or constitutional power' to adjudicate a case). In deciding whether Seymour's claim properly challenges the trial court's subject-matter jurisdiction,

---

[12]     "We note that Gates does not pursue in his brief on appeal the claim that his guilty plea to rape was involuntary. Therefore, that claim is deemed abandoned and will not be considered by this Court. See Ferguson v. State, 13 So.3d 418, 436 (Ala.Crim.App. 2008) ('[C]laims presented in a Rule 32 petition but not argued in brief are deemed abandoned.')." (Id. at 10, n.5.)

> we ask only whether the trial court had the constitutional and statutory authority to try the offense with which Seymour was charged and as to which he has filed his petition for certiorari review.
>
> "Under the Alabama Constitution, a circuit court 'shall exercise general jurisdiction in all cases except as may be otherwise provided by law.' Amend. No. 328, § 6.04(b), Ala. Const. 1901. The Alabama Code provides that '[t]he circuit court shall have exclusive original jurisdiction of all felony prosecutions . . . .' § 12-11-30, Ala. Code 1975."
>
> 946 So.2d at 538. Second-degree rape is a Class B felony. § 13A-6-62(b), Ala. Code 1975. Therefore, the State's prosecution of Gates for that offense was within the trial court's subject-matter jurisdiction and Gates's argument that the trial court lacked jurisdiction to accept his guilty plea is meritless.

(*Id.*) Gates' petition for writ of certiorari was denied, without opinion, by the Alabama Supreme Court on May 11, 2018 (Doc. 9, Exhibit E), with the certificate of final judgment being entered that same date (*id.*).

Gates filed his petition seeking habeas corpus relief in this Court on June 8, 2018 (Doc. 1, at 12), and therein raised but one issue, namely, the Baldwin County Circuit Court "lacked jurisdiction to accept guilty plea[.]" (*Id.* at 6.) By way of explanation, Gates states that the trial court "accepted a plea of guilty to a charge the defendant was not charged with[] and consolidated cases into one plea in which the Court had no jurisdiction." (*Id.*)

In his answer, the respondent contended that this Court should reject Gates' jurisdictional claim because: (1) it has been procedurally default (Doc. 9, at 4-5); (2) it not only lacks merit but it is also "barred pursuant to 28 U.S.C. § 2254(d)[]" because "'[t]he federal courts hold no supervisory power over state courts and may act to correct only wrongs of a constitutional dimension[]'" (*id.* at 5, quoting *Harris v. Rivera,* 450 U.S. 339 (1981)); and (3) the petition is barred by the limitations period set forth in 28 U.S.C. §

2244(d)(1) (*id.* at 5-6). Within days of the filing of the Answer, the Court extended to Gates

the opportunity to file a response (*see* Doc. 10). Gates filed a response on October 19,

2018 (Doc. 15), same reading, in relevant measure, as follows:

> The P[etitioner] asserts the State and the Circuit Court of Baldwin County
> are in err[or] by not granting relief from the Fundamental Miscarriage of
> Justice involved in this case.
>
> The Circuit Court amended an indictment to charge a greater charge not
> originally adjudicated in a pre-trial intervention.
>
> The P[etitioner] exhausted all his State remedies as well as avers that the
> AEDPA does not apply when a Fundamental Miscarriage of Justice is
> involved in a criminal case.
>
> On December 16, 2010 [t]he Circuit Court of Baldwin County accepted a
> joint guilty plea on the consolidated cases Case Numbers CC-06-413 and
> CC-09-2292.
>
> CC-06-413 originally charged the P[etitioner] with Receiving Stolen
> Property in the Second Degree, however the Court amended the charge to
> Receiving Stolen Property First Degree which violated the 14th Amendment
> of the Constitution and the P[etitioner]'s right to Due Process of Law.
>
> Further the P[etitioner] entered a single plea of guilty in both cases without
> the benefit of having an Ireland Agreement Form in case CC-09-2292 which
> resulted in both cases in which he entered the single guilty plea null and
> void at their inception as case CC-06-[-]413 did not involve Receiving Stolen
> Property First degree.
>
> The Plaintiff filed a Post[-]Conviction Rule 32 seeking relief and the Circuit
> Court of Baldwin County attempted to remedy the error by conducting a
> resentencing hearing on case number CC-06-413[;] however[,] this
> resentencing could not remedy a guilty plea which was illegal and void in
> both cases at its inception.
>
> This issue was brought before the State as the Record on Appeal will reflect
> on pages (14, 18) thus allowing the State the opportunity to correct the error.
>
> The State further avers in the record that the charge addressed on
> December 16, 2010 in case number CC-06-413 was in fact amended from
> Receiving Stolen Property in the Second Degree to Receiving Stolen

Property in the First Degree.

**The issue the State refuses to address is that the guilty plea in case number CC-09-2292 was invalid as it was a joint plea due to being consolidated with case CC-06-413, and as the plea in both cases were at the same time at the same proceeding consolidated by the State. The P[etitioner] asserts that the State is disregarding the fact that on December 16, 2010 an illegal plea was accepted by the Court.**

The State cannot set aside the facts of those adjudications or the fact that they violated Due Process of Law by depriving the Plaintiff his Right to Liberty.

The only issue before this Court to be addressed is can the P[etitioner] pleads guilty and be adjudicated on a charge Amended improperly by the State to increase a charge not encompassed in the Indictment?

The P[etitioner] asserts the only proper relief in this case is for this case to be reversed and remanded to the Circuit Court of Baldwin County Alabama to have a new trial on the charges to allow the Plaintiff to address these charges with an intelligent and knowledgeable understanding.

(*Id.* at 1-3 (emphasis supplied)).[13]

## **CONCLUSIONS OF LAW**

---

[13]    Gates cites no federal case in support of his contention that this Court should grant him federal habeas corpus relief on the sole issue raised in this petition and before the Alabama Court of Criminal Appeals, that issue being that the Baldwin County Circuit Court lacked jurisdiction to adjudicate him guilty of a charge (first-degree receipt of stolen property) that he was not charged with (the correct charge being receiving stolen property in the second-degree) and since the second-degree rape charge was joined in the same proceeding as his adjudication and sentencing for first-degree receipt of stolen property, the trial court was without jurisdiction to accept his plea to second-degree rape (*compare* Docs. 1 & 15 *with* Doc. 9, Exhibits A-E). And while Gates now in response to the Respondent's Answer attempts to shroud his petition (and the jurisdictional claim) in constitutional language (*see* Doc. 15, at 2-3), that does not change the state-law nature of the claim. Additionally, as found by the Alabama Court of Criminal Appeals, Gates abandoned any challenge to the voluntary (and knowing) nature of his plea to second-degree rape (Doc. 9, Exhibit D, at 10 n. 5), and certainly has not raised (or exhausted) any other putative constitutional claims (e.g., his right to Due Process was violated by the trial court when it "amended" the charge to receiving stolen property in the first degree) in the state courts of Alabama before attempting to present them to this Court. Indeed, to the extent Gates attempts to raise any "new" claims, such as the one just identified, in his response to the Respondent's Answer, he cannot do so. *See generally Williams v. Florida Dep't of Corrections,* 391 Fed.Appx. 806 (11th Cir. Aug. 10, 2010).

**A.** **Standard of Review for § 2254 Petitions under AEDPA.**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and is applicable to this case. *See Lindh v. Murphy,* 521 U.S. 320, 326-27, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997). The habeas corpus statute makes explicit that " a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ***only*** on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis supplied). Because a state prisoner necessarily must allege that he is in custody in violation of the Constitution or laws or treaties of the United States in order to be entitled to relief under § 2254, it has been a longstanding corollary that "'[a] state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" *Curry v. Culliver,* 141 Fed.Appx. 832, 834 (11th Cir. July 15, 2005), quoting *Carrizales v. Wainwright,* 699 F.2d 1053, 1055 (11th Cir. 1983).

Additionally, under AEDPA, a petitioner is entitled to habeas corpus relief "on any claim adjudicated on the merits in state court if that adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[,]" *Cox v. McNeil,* 638 F.3d 1356, 1360 (11th Cir.) (citing 28 U.S.C. § 2254(d)(1)), *cert. denied sub nom. Cox v. Tucker,* 565 U.S. 906, 132 S.Ct. 309, 181 L.Ed.2d 189 (2011), or "'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Mansfield v. Secretary, Dep't of Corrections,* 679 F.3d 1301, 1306

(11th Cir. 2012) (quoting 28 U.S.C. § 2254(d)(2)), *cert. denied,* 568 U.S. 1098, 133 S.Ct. 861, 184 L.Ed.2d 675 (2013); *see also Jones v. Secretary, Dep't of Corrections,* 644 F.3d 1206, 1209 (11th Cir.) ("[U]nder AEDPA, a federal court may not grant habeas relief on a claim that has been considered and rejected by a state court unless it is shown that the state court's decision was 'contrary to' federal law then clearly established in the holdings of the United States Supreme Court, 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); or that it 'involved an unreasonable application' of such law, § 2254(d)(1); or that it was 'based on an unreasonable determination of the facts' in the light of the record before the court, § 2254(d)(2)."[14]), *cert. denied,* 565 U.S. 1041, 132 S.Ct. 590, 181 L.Ed.2d 433 (2011).

> "A state court decision is contrary to clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Court's." *Windom v. Sec'y, Dep't of Corr.,* 578 F.3d 1227, 1247 (11th Cir. 2009) . . . . A state court decision involves an unreasonable application of federal law when "it identifies the correct legal rule from Supreme Court case law but

---

[14]    As amended,  § 2254 now provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2).

> unreasonably applies that rule to the facts of the petitioner's case.
> An unreasonable application may also occur if a state court
> unreasonably extends, or unreasonably declines to extend, a legal
> principle from Supreme Court case law to a new context." *Putnam
> v. Head,* 268 F.3d 1223, 1241 (11th Cir. 2001) . . . . The statutory
> phrase "clearly established Federal law" "refers to the holdings, as
> opposed to the dicta, of [the Supreme] Court's decisions as of the
> time of the relevant state-court decision." *Williams v. Taylor,* 529
> U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

*Spencer v. Secretary, Dep't of Corrections,* 609 F.3d 1170, 1177-1178 (11th Cir. 2010),

*cert. denied,* 562 U.S. 1203, 131 S.Ct. 1049, 178 L.Ed.2d 869 (2011); *see also Williams*

*v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000) ("Under

the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives

at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if

the state court decides a case differently than th[e Supreme] Court has on a set of

materially indistinguishable facts. Under the 'unreasonable application' clause, a federal

habeas court may grant the writ if the state court identifies the correct governing legal

principle from th[e Supreme] Court's decisions but unreasonably applies that principle to

the facts of the prisoner's case.").

As to findings of fact reviewed under 28 U.S.C. § 2254(d)(2), a federal court

determines whether the state court's finding "'was based on an unreasonable

determination of the facts in light of the evidence presented in the State court

proceeding.'" *Callahan v. Campbell,* 427 F.3d 897, 926 (11th Cir. 2005) (quoting §

2254(d)(2)), *cert. denied sub nom. Callahan v. Allen,* 549 U.S. 952, 127 S.Ct. 427, 166

L.Ed.2d 269 (2006). "Not only must the factual determination have been unreasonable,

but the state court's factual finding must be shown unreasonable by clear and convincing

evidence." *Id.*, citing § 2254(e)(1); *see also Miller-El v. Cockrell,* 537 U.S. 322, 339, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)[.]").

> When evaluating whether a state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2), "[w]e may not characterize . . . state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain,* 576 U.S. ___, ___, 135 S.Ct. 2269, 2277, 192 L.Ed.2d 356 (2015). . . . Section 2254(d)(2), like § 2254(d)(1), requires that federal courts afford court factual determinations "substantial deference." *Id.* If "[r]easonable minds reviewing the record might disagree about" the state court factfindng in question, "on habeas review that does not suffice to supersede" the state court's factual determination. *Rice v. Collins,* 546 U.S. 333, 341-42, 126 S.Ct. 969, 976, 163 L.Ed.2d 824 (2006). We also presume findings of fact made by state courts are correct, unless a petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

*Daniel v. Commissioner, Alabama Dep't of Corrections,* 822 F.3d 1248, 1259 (11th Cir. 2016).

## B. Exhaustion of State Remedies and the Procedural Default Doctrine.

A threshold issue in a federal habeas corpus case brought by a state prisoner is whether the petitioner has properly raised the federal constitutional claim in the state courts, thereby exhausting all available state court remedies. 28 U.S.C. § 2254(b). The origins of the exhaustion requirement are found in principles of comity, "which protect the state court[]s['] role in the enforcement of federal law and prevent disruption of state court

proceedings." *Jackson v. Estes,* 2015 WL 5117717, *8 (N.D. Ala. Aug. 28, 2015), citing

*Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).[15]

> In order to exhaust his state remedies, a state prisoner who seeks federal habeas corpus relief must present the same claim to the state court that he presents to the federal court. *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Thus, in order to exhaust state remedies, a petitioner must fairly present every issue raised in his federal petition to the state's highest court,[16] either on direct appeal or on collateral review.[17] *See Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 1060,

---

[15]    The Supreme Court has long held

that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. (citations omitted) This exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the opportunity to address and correct alleged violations of state prisoners' federal rights.

.    .    .

[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirement for exhaustion; there are no state remedies any longer "available" to him. (citations omitted) In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Coleman v. Thompson,* 501 U.S. 722, 731 & 732, 111 S.Ct. 2546, 2554-2555 & 2555, 115 L.Ed.2d 640 (1991).

[16]    And, of course, therefore, "[c]laims which have never been presented to a state court . . . are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules." *Sanchez v. Hetzel,* 2014 WL 1491178, *2 (M.D. Ala. Apr. 15, 2014) (citations omitted).

[17]    Indeed, "[t]o challenge a conviction issued by an Alabama state court, a petitioner must assert the [federal] claim on direct appeal or in a Rule 32 proceeding, appeal any adverse ruling, seek rehearing in the Alabama Court of Criminal Appeals, and file a petition for writ of certiorari in the Alabama Supreme Court." *Shapley v. Thomas,* 2014 WL 4470700, *4 (N.D. Ala. (Continued)

103 L.Ed.2d 380 (1989) (quotation marks and citation omitted). In addition, the state court petition must make the state courts aware that the claims asserted do, in fact, raise federal constitutional claims. *See Snowden v. Singletary,* 135 F.3d 732, 735 (11th Cir. 1998).

> "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842, 119 S.Ct. 1728, 1731, 144 L.Ed.2d 1 (1999). More precisely, "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* 845, 119 S.Ct. at 1732; *see also Kelley v. Secretary for Dep't of Corrs.,* 377 F.3d 1317, 1344 (11th Cir. 2004) ("The petitioner must present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon (his) constitutional claim.'"). If a petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established.

*Id.* (footnotes added and footnote omitted). In other words, when a petitioner has procedurally defaulted a claim by failing to exhaust state court remedies that are no longer available, *see O'Sullivan, supra,* 526 U.S. at 848-49, 119 S.Ct. at 1734, a federal court is barred from reaching the merits of that claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman, supra*, 501 U.S. at 750, 111 S.Ct. at 2565. The cause and prejudice

---

Sept. 4, 2014) (citations omitted); *see Smith v. Jones,* 256 F.3d 1135, 1138 (11th Cir. 2001) ("[I]n order to exhaust state remedies as to a federal constitutional issue a petitioner is required to file a petition for discretionary review in the state's highest court raising that issue, if discretionary review is part of the appellate procedure in the state, [*O'Sullivan v. Boerckel,* 526 U.S.] at 845-47, 119 S.Ct. at 1732-34."), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002).

standard applies "uniformly to all independent and adequate state procedural defaults."

*Id.* at 750-751, 111 S.Ct. at 2565.

> In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. Objective factors that constitute cause include interference by officials that makes compliance with the state's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel. In addition, constitutionally [i]neffective assistance of counsel is cause. Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default. Once the petitioner has established cause, he must show actual prejudice resulting from the errors of which he complains.

> Federal courts retain the authority to issue the writ of habeas corpus in a further, narrow class of cases despite a petitioner's failure to show cause for a procedural default. These are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a fundamental miscarriage of justice.

*McCleskey v. Zant*, 499 U.S. 467, 493-494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991)

(internal quotation marks and citations omitted).

A claim not raise or argued on appeal of the denial of a Rule 32 petition is deemed abandoned and, where abandoned, "it is unexhausted and procedurally defaulted." *Jackson, supra,* at *9; *see also Dunkerley v. Estes,* 2014 WL 3063563, *5 (S.D. Ala. July 7, 2014) ("The Court finds that Petitioner's fourth claim is procedurally defaulted because it was abandoned before the Alabama Court of Criminal Appeals. . . . As such, this claim is also defaulted under *O'Sullivan*."); *see Haliford v. Culliver,* 459 F.3d 1193, 1199 n. 4 (11th Cir. 2006) ("Haliford's *Brady* claim was procedurally defaulted under Alabama's procedural rules. When pursuing state post-conviction relief, Haliford did not present his *Brady* claim to the Alabama Court of Criminal Appeals. 'Claims presented in a Rule 32

petition but not pursued on appeal are deemed to be abandoned.' *Boyd v. State,* 913 So.2d 1113, 1145 (Ala.Crim.App. 2003). And failure to present the claim in state court leads to the claim being procedurally defaulted in federal court. *See Collier v. Jones,* 910 F2d 770, 772 (11th Cir. 1990) ('[W]hen a petitioner has failed to present a claim to the state courts and under state procedural rules the claim has become procedurally defaulted, the claim will be considered procedurally defaulted in federal court.')."), *cert. denied,* 552 U.S. 827, 128 S.Ct. 40, 169 L.Ed.2d 39 (2007).

**C.     Analysis of Gates' Jurisdictional Claim Raised in His § 2254 Petition**.

As reflected above, the sole ground raised by Gates in his § 2254 petition is that the Baldwin County Circuit Court "lacked jurisdiction to accept guilty plea[,]" and, by way of explanation, Gates states that the trial court "accepted a plea of guilty to a charge the defendant was not charged with[] and consolidated cases into one plea in which the Court had no jurisdiction." (*Id.* at 6.) Given the amorphous nature of these statements, it is clear to the undersigned that Petitioner is making the same argument in his federal petition as he made to the Alabama Court of Criminal Appeals (and to the Baldwin County Circuit Court in his Rule 32 petition), namely, that the trial court lacked jurisdiction to adjudicated him guilty and sentence him to receiving stolen property in the first degree and since the second-degree rape charge was joined in the same proceeding as his adjudication and sentencing for first-degree receipt of stolen property, the trial court lacked jurisdiction to accept his second-degree rape plea and sentence him on that charge. (*Compare id. with* Doc. 9, Exhibits A-D).

Initially, the undersigned need recognize that Petitioner's claim that the Baldwin County Circuit Court did not have jurisdiction to adjudicate him guilty and sentence him to one charge and accept his plea and enter judgment respect another charge (that is, convict and sentence him on either charge), both of which were consolidated into one proceeding, involves "quintessential state law matters this Court cannot review in a federal collateral proceeding." *Jones v. Secretary, Dep't of Corrections,* 2014 WL 505093, *6 (N.D. Fla. Feb. 7, 2014); *see also Estrada v. Secretary, Dep't of Corrections,* 2012 WL 1231990, *1 (M.D. Fla. Apr. 12, 2012) ("A state court's jurisdiction to enter a judgment and sentence a defendant is a matter of state law that is not cognizable on federal collateral review."); *see Chandler v. Armontrout,* 940 F.2d 363, 366 (8th Cir. 1991) ("[W]e are bound by a state court's conclusions respecting jurisdiction."). And since Petitioner's jurisdictional claim involves purely state law questions not cognizable on federal habeas review, his petition is due to be dismissed even despite Gates' attempts to characterize his claim as presenting a federal question in his response to the Respondent's answer (*see* Doc. 15). *See Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988) ("It is our opinion that the petition raises issues of state law only and, thus, must be dismissed. Although petitioner alleges violations of federal law, it is clear that his petition is based exclusively on state law issues which are merely 'couched in terms of equal protection and due process.'").

However, even assuming that Petitioner's jurisdictional claim is one which may be analyzed under 28 U.S.C. § 2254(d), Gates has not shown that he is entitled to relief. There can be little question but that the Baldwin County Circuit Court agreed with Gates

that he was entitled to Rule 32 relief respecting the receiving stolen property charge because he was improperly sentenced in CC-06-413 for first-degree receipt of stolen property, when he should have been sentenced to receiving stolen property in the second degree; therefore, Gates was determined to be entitled to resentencing within the appropriate range for a Class C felony and was resentenced for second-degree receipt of stolen property to a term of 10 years with said term to run concurrent with all of his other sentences. (Doc. 9, Exhibit A, Tr. 35-36.) And, on appeal, the Alabama Court of Criminal Appeals correctly observed that since resentencing on the correct charge to which Gates pled guilty in 2007 (second-degree receipt of stolen property) was the "minimum" Rule 32 relief requested by Rule 32 counsel during the April 20, 2017 evidentiary hearing (Doc. 9, Exhibit D, at ),[18] Petitioner's jurisdictional claim respecting the receipt of stolen property charge was moot (*id.*). Alabama's criminal appellate court then went on to reject Gates' contention that the trial court lacked jurisdiction to accept his plea and sentence him on the second-degree rape charge because this plea was entered in the same proceeding in which he was improperly adjudicated guilty of and sentenced for first-degree theft of property. The appellate court specifically found that second-degree rape is a Class B felony under Alabama law, the prosecution of which is in the subject-matter jurisdiction to Alabama's trial courts, and, therefore, Gates'

---

[18] During the Rule 32 hearing, Gates' attorney did make the alternative argument that the State's motion to terminate him from the pretrial intervention program was untimely filed and that the court, on Rule 32, should dismiss the receiving stolen property charge (*see* Doc. 9, Exhibit A, Evidentiary Hearing Tr., at 26-28); however, as noted by the Alabama Court of Criminal Appeals, Gates did not pursue this claim on appeal and thereby abandoned this claim (Doc. 9, Exhibit D, at 9 n.4).

"argument that the trial court lacked jurisdiction to accept his plea is meritless." (Doc. 9, Exhibit D, at 11).

In the present action, Gates simply has not demonstrated how the state courts' determinations would entitle him to federal habeas corpus relief. As previously noted, Petitioner's jurisdictional claim is one of state law which he has attempted to "save" by adorning it in constitutional language in his reply or otherwise couching it in terms of a federal question in his reply (*see* Doc. 155); however, petitions filed by state prisoners alleging violations of state law do not provide a basis for granting federal habeas relief, *see Branan,* 861 F.2d at 1508. Consequently, Petitioner cannot demonstrate how the state courts' adjudication of his jurisdictional claim is contrary to or an unreasonable application of clearly established **federal law**. This conclusion is particularly apropos where, as here, Gates cites to **no** relevant federal law clearly established in the holdings of the United States Supreme Court. *See Jones, supra,* 644 F.3d at 1209 ("[U]nder AEDPA, a federal court may not grant habeas relief on a claim that has been considered and rejected by a state court unless it is shown that the state court's decision was 'contrary to' federal law then clearly established in the holdings of the United States Supreme Court, 28 U.S.C. § 2254(d)(1) . . . or that it 'involved an unreasonable application' of such law, § 2254(d)(1)[.]").

Gates disregards § 2254(d)(1) and instead stakes the position that because the trial court lacked any authority to adjudicate him guilty of and sentence him on the charge of first-degree receipt of stolen property, this lack of authority/error permeated (or infected) the entirety of the proceeding on December 16, 2010, such that the trial court

could not validly accept his guilty plea to second-degree rape and sentence him on that charge. The undersigned notes, however, that this argument by Gates does not entitle him to habeas corpus relief because he has cited no federal law establishing that a legal infirmity/error regarding one criminal charge permeates a proceeding that encompasses numerous criminal charges, such that the legal infirmity/error "attaches" to all of the criminal charges. Moreover, any suggestion by Gates that the Alabama courts improperly separated their treatment of his second-degree rape charge and the first-degree receipt of stolen property charge is due to be rejected for a number of reasons.

First, Petitioner cites to no law whatsoever (and certainly no federal law) which would establish the impropriety of such separate treatment. Second, when Rule 32 counsel argued for relief on Gates' behalf, he separated his argument (contending that the receiving stolen property charge should be dismissed in its entirety because the State filed an untimely motion to terminate pretrial intervention, but that if that argument was rejected, at a minimum the court should resentence petitioner on the correct charge of second-degree receipt of stolen property, and then made another argument with respect to the rape charge), and, therefore, the Alabama state courts naturally "separated" their consideration of the charges and the trial court's jurisdiction respecting those separate charges.[19] And, finally, this separate consideration (to which the courts and counsel gravitated) was appropriate not only because those charges arose years apart but, as well, because Gates had already pled guilty (in 2007) to the receipt of stolen property

---

[19]     Thus, any implicit suggestion by Gates that the State courts did not make a proper determination regarding the facts, *see* 28 U.S.C. § 2254(d)(2), is baseless.

charge (albeit, second-degree receipt) and simply had to be adjudicated guilty upon violating the terms of his pretrial intervention agreement and sentenced. In light of the foregoing discussion, the undersigned concludes that Petitioner cannot establish any entitlement to relief under 28 U.S.C. § 2254(d).

And, finally, to the extent Petitioner seeks to go beyond his lone claim raised in his § 2254 petition (that is, his jurisdictional claim) by appearing to suggest in his response/reply that his plea of guilty to second-degree rape was not knowing and voluntary, and thus, violative of his due process rights (*see* Doc. 15, at 3)[20] and that the Baldwin County Circuit Court additionally violated his right to due process by effectively amending the original charge of second-degree receipt of stolen property to "charge" first-degree receipt of stolen property (*see id.* at 2), this Court is procedurally barred from reaching the merits of these claims (even assuming the latter one raises a claim of constitutional import).[21]

---

[20]     Rule 32 counsel made no argument during the Rule 32 evidentiary hearing that Gates did not enter a knowing and voluntary plea to first-degree receipt of stolen property, nor did he raise such a claim on direct appeal (*compare* Doc. 9, Exhibit A, Evidentiary Hearing Transcript *with* Doc. 9, Exhibit B); therefore, this Court simply notes that to the extent Petitioner wishes to "raise" such a claim and request this Court's merits consideration of same, his wish cannot be granted because he did not raise (much less exhaust) this constitutional claim in the state courts of Alabama and cannot now do so. Any such claim has been procedurally defaulted by Petitioner (as it is too late for him to raise it in those courts), *see, e.g., Sanchez, supra,* at *2 ("Claims which have never been presented to a state court or claims not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules."), and he has certainly not argued, much less established, cause for his failure to properly raise this claim in the state courts of Alabama, *see Macklin, infra.*

[21]     Given the undersigned's position that a petitioner cannot amend his habeas corpus petition by raising new purportedly constitutional claims in response/reply to the State's answer, *see Williams, supra,* the Court could simply refuse to give any further ink to these claims.

(Continued)

26

With respect to the voluntary and knowing nature of his plea to second-degree rape,[22] no doubt a due process concern, *see, e.g., Massey v. Warden,* 733 Fed.Appx. 980, 988 (11th Cir. May 7, 2018) ("A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process. The Due Process Clause requires that a guilty plea be entered knowingly and voluntarily. Thus, it is error for a trial court to accept a guilty plea without an affirmative showing that it was intelligent and voluntary." (quotation marks and citations omitted)), while Rule 32 counsel raised this issue in the context of the Rule 32 evidentiary hearing, it was not raised by Gates in his appellate brief (*see* Doc. 9, Exhibit B) and, therefore, it was found to be abandoned by the Alabama Court of Criminal Appeals (Doc. 9, Exhibit D, at 10 n.5 ("We note that Gates does not pursue in his brief on appeal the claim that his guilty plea to rape was involuntary. Therefore, this claim is deemed abandoned and will not be considered by this Court.")). As previously established, an abandoned claim "is unexhausted and procedurally defaulted." *See, e.g., Jackson, supra,* at *9. Thus, the merits of this claim can only be reached by this Court if Gates establishes cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Before analyzing the exceptions to the procedural default doctrine, the undersigned would briefly note that Gates' claim that the Baldwin County Circuit Court

---

[22] The undersigned would be remiss in failing to recognize that the Alabama Court of Criminal Appeals actually determined that Gates abandoned his jurisdictional claim by failing to present any argument or evidence during the Rule 32 evidentiary hearing that the trial court lacked jurisdiction to accept the plea of guilty to second-degree rape. (*See* Doc. 9, Exhibit D, at 10.) And, as previously recognized, where abandoned, a claim is unexhausted and procedurally defaulted.

violated his right to due process by effectively "amending" the original charge of second-degree receipt of stolen property to "charge" first-degree receipt of stolen property was never presented to the state courts of Alabama (*see* Doc. 9, Exhibits A & B) and, therefore, it has been procedurally defaulted. *See Sanchez, supra.* And, as aforesaid, this Court can only reach the merits of this claim if Gates can establish that either the cause and prejudice or fundamental miscarriage of justice exception is applicable to his case.

Here, Gates makes mention of a fundamental miscarriage of justice in his response (Doc. 15, at 1 & 2) but nowhere argues that the cause and prejudice exception is applicable (*see id.* at 1-3); therefore, this Court need not consider the cause and prejudice exception to the procedural default doctrine. *See, e.g., Macklin v. Singletary*, 24 F.3d 1307, 1313 (11th Cir. 1994) (in abuse of the writ case, appellate court suggests that habeas courts need perform no analysis when the petitioner fails to argue an exception to application of the doctrine), *cert. denied*, 513 U.S. 1160, 115 S.Ct. 1122, 130 L.Ed.2d 1085 (1995). Moreover, the fundamental miscarriage of justice/actual innocence exception does not apply in this case because Petitioner has not satisfied the standard set forth in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). That standard requires Gates to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496, 106 S.Ct. at 2649-2650. To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995); *see also id.* at

327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998) (citation omitted). Gates simply has not come forward with any new reliable evidence that establishes his actual factual innocence of second-degree rape or receiving stolen property. Indeed, all Gates has shown is that on December 16, 2010, he was erroneously/mistakenly adjudicated guilty and sentenced for receiving stolen property in the first-degree, when he should have been adjudicated guilty and sentenced for receiving stolen property in the second-degree, the charge he originally pled guilty to in February of 2007; however, this mistake was remedied, as requested by Rule 32 counsel, when Gates (on April 20, 2017) was adjudicated guilty and sentenced for second-degree receipt of stolen property. In light of the foregoing, this case is not one of those rare cases in which the actual innocence exception is applicable.

      **D.**    <u>**Certificate of Appealability.**</u>  Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where

"the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). The instant habeas petition is being denied on procedural grounds without reaching the merits of any **constitutional claim**, such that "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000).[23] Petition's jurisdictional claim is not cognizable on federal habeas review because it raises only state law issues (and no question of a constitutional nature) and Petitioner has defaulted any constitutional claim he has attempted to state in his response to the Respondent's answer; thus, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Gates should be allowed to proceed further, *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the

---

[23]     Since the undersigned arguably reached/reviewed the merits of Petitioner's jurisdictional claim, it is parenthetically noted that a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel, supra*; *see also id.* at 483–484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). However, this standard is not helpful in this case since Petitioner's jurisdictional claim is not a constitutional claim.

petitioner should be allowed to proceed further."). Stated somewhat differently, Petitioner has failed to demonstrate that reasonable jurists would find debatable that his claims were not procedurally defaulted or that he stated a substantial denial of a constitutional right. Accordingly, petitioner is not entitled to a certificate of appealability as to any of the claims he has raised in his habeas corpus petition or response to the Respondent's answer.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Todd Jeffrey Gates' petition for writ of habeas corpus (Doc. 1), filed pursuant to 28 U.S.C. § 2254, be **DISMISSED/DENIED** because it does not state a claim for federal habeas corpus relief or, otherwise, because this Court is procedurally barred from reaching the merits of any constitutional claims

Petitioner has asserted in his response to the Respondent's answer (Doc. 15). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 7th day of January, 2018.

 s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**